Filed 9/3/14  P. v. Stephens CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060889 |
| v. | (Super.Ct.No. RIF1203811) |
| RODNEY JEROME STEPHENS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elisabeth Sichel, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Rodney Jerome Stephens pled guilty to one count of first degree burglary (Pen. Code, § 459; count 3);[1]

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

1

two counts of dissuading a witness (§ 136.1, subd. (a); counts 4 & 5); one count of making criminal threats (§ 422; count 6); two counts of inflicting corporal injury on a former spouse or cohabitant resulting in a traumatic condition (§ 273.5, subd. (a); counts 7 & 8); and two counts of false imprisonment (§ 236; counts 9 & 10). Defendant also admitted that in the commission of counts 3, 4, 5, 6, 9, and 10, defendant personally used a firearm (§ 12022.5, subd. (a)). In return, the remaining allegations were dismissed and defendant was sentenced to a stipulated term of 18 years in state prison with credit for time served. Defendant appeals from the judgment, challenging the sentence or other matters occurring after the plea. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

Jane Doe is defendant's former girlfriend and the mother of his five-year-old son. They had dated and lived together for six years, but ended the relationship in August 2012.

On September 5-6, 2012, Doe was moving into her mother's home in the city of Riverside. Defendant asked Doe if he could come over to visit their son. Doe told him that she did not want him to come over, believing he was angry. About 45 minutes later, at around 12:00-12:30 a.m., defendant arrived at Doe's residence. Defendant was angry and asked to see Doe's cellular telephone to see if she had been communicating with other men. When she said no, defendant punched Doe in the face. Doe fell into a rose

---

[2] The factual background is taken from the preliminary hearing.

2

bush and hit her head. After Doe got up and ran into the house, defendant drove away. Doe sustained a cut lip and scratches on her back. The following day, Doe called the police and obtained a restraining order against defendant.

On September 13, 2012, defendant entered Doe's residence while Doe was bathing their son. Defendant appeared angry and had a gun in a holster on his waist. Doe was scared and asked defendant to leave. Defendant stated that he was there to see their son and told her that she better not call anyone. Defendant asked Doe whether she had called the police. After Doe responded in the affirmative, defendant left, stating "it wasn't over."

On September 17, 2012, around 1:15 p.m., defendant broke into Doe's residence by breaking the front door frame and glass. When Doe and her mother heard the sound of glass and wood breaking, they went into the hallway where they saw defendant with a gun. Defendant was yelling at the women and telling them to give him their phones. He ordered the women into the living room. When Doe's mother asked defendant what he was doing, defendant hit her on the back of the head, causing her to fall to the floor and hit her head. Defendant then grabbed Doe's mother's hair and stood her up. He then grabbed Doe and took both women into the living room.

In the living room, defendant paced back and forth, pointing the gun at the women. He was yelling, claiming it was Doe's fault for keeping him from his son and that he wanted to get back together with Doe. When Doe refused to unlock her phone, defendant grabbed her chest, pulled her forward, put the gun to her head, and said he

3

would shoot her.  Doe was afraid he would kill her.  Doe told defendant that she loved him, that he could leave, and that she would not call the police.  Eventually, the women convinced defendant to take the clip out of his gun, which was loaded with bullets.  Doe gave defendant her cellular phone and told him she would call him with the code to unlock it.  Defendant put the phone in his backpack and asked Doe for a hug.  After Doe hugged defendant, he left the residence.

Following a preliminary hearing, on November 5, 2012, an information was filed charging defendant with two counts of kidnapping (§ 207, subd. (a); counts 1 & 2); one count of first degree burglary (§ 459; count 3); two counts of dissuading a witness (§ 136.1, subd. (a); counts 4 & 5); one count of making criminal threats (§ 422; count 6); two counts of inflicting corporal injury on a former spouse or cohabitant resulting in a traumatic condition (§ 273.5, subd. (a); counts 7 & 8); and two counts of false imprisonment (§ 236; counts 9 & 10).  The information further alleged that in the commission of counts 1 and 2, defendant personally used a firearm within the meaning of section 12022.53, subdivision (b); and that in the commission of counts 3, 4, 5, 6, 9, and 10, defendant personally used a firearm, to wit, a semiautomatic handgun, within the meaning of section 12022.5, subdivision (a).

On January 6, 2014, defendant entered into a negotiated plea.  Defendant pled guilty to counts 3, 4, 5, 6, 7, 8, 9, and 10; and admitted the gun-use enhancement attached to counts 3, 4, 5, 6, 9, and 10.  In return, the remaining charges and enhancement allegations would be dismissed and defendant would be sentenced to a stipulated term of

4

18 years in state prison with credit for time served. After examining defendant, the trial court found the plea was entered into freely and voluntarily; that defendant knowingly and intelligently waived his rights; that defendant understood the nature of the charges and the consequences of the plea; and that there was a factual basis for his plea.

On February 5, 2014, defendant was sentenced in accordance with his plea agreement and awarded a total of 581 days credit for time served.

On March 26, 2014, defendant filed a notice of appeal, challenging the validity of the plea. Defendant alleged that he received ineffective assistance of counsel for counsel's failure to adequately meet and confer with him. Defendant also requested a certificate of probable cause, which was denied by the trial court. However, on March 27, 2014, the trial court declared the notice of appeal inoperative pursuant to California Rules of Court, rule 8.304(b)(3). As such, on April 7, 2014, a first amended notice of appeal was filed, challenging the plea based on the sentence or other matters not affecting the validity of the plea.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

5

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


KING
J.


MILLER
J.

6